UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| BROUWERIJ VAN HONSEBROUCK, B.V.B.A.<br>Ingelmunstersestraat 46<br>8870 Izegem, Belgium<br><br>*Plaintiff*,<br><br>v.<br><br>WETTEN IMPORTERS, INC.<br>4605 Brookfield Corporate Drive<br>Chantilly, Virginia 20151<br><br>**Serve Registered Agent:**<br>Mark R. Dycio<br>10533 Main Street<br>Fairfax, Virginia, 22030<br><br>*Defendant*. | Case No.: 1:25-cv-1715<br>**COMPLAINT TO RECOGNIZE AND ENFORCE FOREIGN JUDGMENT** |

# COMPLAINT

COMES NOW the Plaintiff Brouwerij Van Honsebrouck, B.V.B.A., by undersigned counsel, brings this Complaint against Defendant Wetten Importers Inc., and in support thereof respectfully states as follows:

## NATURE OF ACTION

1. Plaintiff Brouwerij Van Honsebrouck, B.V.B.A. (hereinafter "Plaintiff") bring this action against Defendant Wetten Importers, Inc. ("Defendant" or "Wetten") to recognize and enforce a final money judgment issued and entered by the Seventh Division of the Ghent Court of Appeals ("Ghent Court of Appeals") on March 4, 2024 (the "Belgian Judgment"). Judgment was entered in favor of Plaintiff in the amount of €194,599.91, plus interest.

1

2. Under the Virginia Foreign Country Money Judgments Recognition Act (Va. Code Ann. §8.01-465.13:1 *et seq.*), a foreign country money judgment that is final, conclusive, and enforceable may be enforced in Virginia. Under Virginia law, the Belgian Judgment is final and conclusive because (1) the Ghent Court of Appeals is an impartial tribunal that complies with our accepted standards of due process, (2) Defendant appeared and defended the action on the merits and did not raise subject matter or personal jurisdiction as defenses to the lawsuit, and (3) the Ghent Court of Appeals entered a final judgment on the merits for which the time to appeal has expired.

## PARTIES

3. Plaintiff Brouwerij Van Honsebrouck, B.V.B.A. (hereinafter "Plaintiff"), is a Private Limited Liability Company organized and existing under the laws of the Country of Belgium with its principal place of business located at Ingelmunstersestraat 46, 8870 Izegem, Belgium. Plaintiff is a citizen or subject of a foreign state (Belgium).

4. Defendant Wetten Importers, Inc. (hereinafter "Defendant" or "Wetten"), is a Stock Corporation organized and existing under the laws of the Commonwealth of Virginia with its principal place of business located at 4605 Brookfield Corporate Drive, Chantilly, Virginia 20151.

5. At all relevant times Wetten has been a citizen of Virginia, conducted business in Virginia, and maintained substantial, continuous and systematic contacts with Virginia.

## JURISDICTION AND VENUE

6. This Court has original diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(2) because the amount in controversy exceeds $75,000, exclusive of interest and costs, and is between a citizen of a state and a citizen or subject of a foreign state.

7. Venue is proper in this Court pursuant to 28 U.S.C §1391(b), because Wetten is the sole defendant in this action, and this is a judicial district where Wetten resides and is subject to this Court's personal jurisdiction.

## FACTUAL BACKGROUND

8. This is a civil action to enforce a judgment obtained by Plaintiff in the Seventh Division of the Ghent Court of Appeals on March 4, 2024.

9. Plaintiff is a Belgian Limited Liability Company who entered into a contractual agreement with Wetten. Under the contract Wetten, among other things, agreed to import beer supplied by Plaintiff. Wetten was required to import a specified amount of beer under the contract, which Wetten failed to do. Plaintiff thereafter terminated the contract and sued to recover damages caused by Wetten failing to perform under the contract.

10. The case originated in the eighth division of the Commercial Court of Ghent, Kortrijk division. Judgment was rendered by the commercial court on May 30, 2016, in favor of Plaintiff.

11. Thereafter, Defendant appealed the decision of the commercial court to the Ghent Court of Appeals on September 30, 2016.

12. Appeals to the Ghent Court of Appeals are *de novo* proceedings, where the Court hears both the law and the facts of the underlying dispute when making its ruling, and as such Wetten was able to have its case fully heard by the Ghent Court of Appeals.

13. Wetten had legal counsel in the proceedings against Plaintiff. Wetten was represented by Marijn De Ruysscher from the Lydian Law firm in Brussels, Belgium.

14. At no point in the proceedings did Wetten contest the Ghent Court of Appeals subject matter jurisdiction or personal jurisdiction. The proceedings were adversarial and on the merits of the case.

15. On March 4, 2024, the Ghent Court of Appeals found in favor of Plaintiff and ordered that Wetten was required to pay a total of €194,599.91 to Plaintiff. *See* **Exhibit A**, at p.111-112.

16. The Ghent Court of Appeals also ordered that Wetten was required to pay interest on the judgment at different rates. *See* **Exhibit A**, at p. 108, 111-112

### The Underlying Breach of Contract Dispute – Wetten's Unpaid Invoices

17. From 2012 through 2013, Plaintiff provided beer to Wetten under the terms of the Agreement between the parties.

18. In December of 2013, Plaintiff sent four invoices to Wetten for beer which it had ordered under the agreement. Those invoices were for €116,063.91.

19. Plaintiff later issued four credit notes which had to be deducted from the principal amount. Those four credit notes totaled €49,615.00.

20. Plaintiff also acknowledged that €23,940.00 had to be deducted from the principal amount, since Wetten returned a number of barrels of beer.

21. This left a principal amount of €42,508.91 unpaid by Wetten on the invoices. *See* **Exhibit A**, at p. 106, 110, 112.

### The Underlying Breach of Contract Dispute – Violation of Minimum Purchase Obligation by Wetten

22. In 2012, Plaintiff and Wetten entered into an agreement by which Wetten agreed to purchase a certain amount of beer from Plaintiff.

4

23. Under the agreement, Wetten was required to purchase 5,500 hectoliters of beer in 2013. *See* **Exhibit A,** at p. 86.

24. Wetten only purchased 3,455 hectoliters of beer in 2013, thus breaching the terms of the agreement. *See* **Exhibit A,** at p. 86-87, 107.

25. Due to Wetten's failure, Plaintiff terminated the agreement with Wetten by letter dated January 7, 2014. Plaintiff's termination of the agreement was permitted by the terms of the contract. *See* **Exhibit A**, at p. 107.

26. After suit was filed, and the case was appealed, on October 28, 2019, the Ghent Court of Appeals appointed an expert witness to determine the damages caused to Plaintiff by Wetten's failure to meet the minimum purchase obligation.

27. The Ghent Court of Appeals found that for each unpurchased hectoliter of beer Plaintiff lost profits of approximately €93.78. As such, the total lost profits by Plaintiff for Wetten's failure to meet the minimum purchase obligation was €191,770.00. *See* **Exhibit A**, at p. 107-108, 110-111.

## Underlying Breach of Contract Action – Credits to Wetten

28. The Ghent Court of Appeals also awarded Wetten a total of €39,679.00 under the contract terms. *See* **Exhibit A**, at p. 111.

29. The Ghent Court of Appeals ruled that Plaintiff should have bought back €33,681.73 of stock from Wetten under the terms of the agreement between the parties after the agreement was terminated. *See* **Exhibit A,** at p. 110-111.

30. The Ghent Court of Appeals further held that Wetten incurred €5,997.27 in costs for storage of the stock that Plaintiff was required to buy back under the terms of the agreement. *Id.*

31. The Ghent Court of Appeals deducted the €39,679.00 due to Wetten from the €191,770.00 due to Plaintiff for the contractual breaches.

32. In summary, the Belgian Judgment held that Plaintiff is entitled to €152,092.00 for the contractual breaches and €42,508.91 for the unpaid invoices, plus interest.

### Interest Accumulated on the Judgment

33. The Ghent Court of Appeals first found that Wetten is required to pay Plaintiff €42,508.91 for outstanding invoices for goods delivered and services provided to Wetten by Plaintiff. *See* **Exhibit A**, at 111 – 12.

34. The Ghent Court of Appeals ruled that Wetten is required to pay interest on the €42,508.91 at the rate prescribed in the Act of August 2, 2002, on combating late payment in commercial transactions, from January 14, 2014, until the date of full payment. *See* **Exhibit A**, at p. 112.

35. Belgium has two "semesters" where the interest rates for the Act of August 2, 2002, can be changed. The first semester runs from January 1 through June 30, and the Second semester runs from July 1 through December 31.

36. The Ghent Court of Appeals further ruled that capitalization of interest can be granted on all sums of money owed in accordance with Article 5.207 of the Belgian Civil Code. *See* **Exhibit A**, at p. 111.

37. To this end, the Ghent Court of Appeals held that the interest capitalization occurred on March 24, 2016, October 15, 2018, and August 19, 2022 *See* **Exhibit A**, at p. 108, 112.

38. Article 5.207 of the Belgium Civil Code provides that lapsed remunerative and default interest may only accrue further interest either as a result of a written notice of default, or

pursuant to a specific contract, provided that the notice of default or the contract relates to interest that has been due for at least a full year.

39. Under Belgium law, and as applicable to the underlying judgment, interest on late payments in commercial transactions is calculated under the Act of August 2, 2002. The calculation of interest rates, pursuant to the Act of August 2, 2002, are as follows[1]:

| INTEREST RATES PURSUANT TO THE ACT OF AUGUST 2, 2002, BY YEAR | | |
|---|---|---|
| Year | 1st Semester | 2nd Semester |
| 2014 | 8.5% | 8.5% |
| 2015 | 8.5% | 8.5% |
| 2016 | 8.5% | 8.0% |
| 2017 | 8.0% | 8.0% |
| 2018 | 8.0% | 8.0% |
| 2019 | 8.0% | 8.0% |
| 2020 | 8.0% | 8.0% |
| 2021 | 8.0% | 8.0% |
| 2022 | 8.0% | 8.0% |
| 2023 | 10.5% | 12.0% |
| 2024 | 12.5% | 12.5% |
| 2025 | 11.5% | 10.5% |

40. The pre-judgment interest rates listed above apply in the same way that interest rates are calculated under Virginia Law. *See* Va. Code Ann. §6.2-302. For pre-judgment interest, the calculation is the principal amount, multiplied by the statutorily prescribed interest rate, multiplied by the number of days overdue divided by 365 days.

41. The following table provides the current amount of accumulated interest (under the Act of August 2, 2002) on the principal amount of €42,508.91, including the capitalization which occurred on March 24, 2016, October 15, 2018, and August 19, 2022:

---

[1] The Interest Rates in the table are a summarization of the interest rates listed in the official publication from the Federale Overheidsdienst Financien (Federal Public Service – Finance Division) website. FICHE "WETTELIJKE RENTEVOETEN"., https://finances.belgium.be/sites/default/files/thesaurie/Int%C3%A9r%C3%AAts%20l%C3%A9gaux%202%C3%A8me%20sem%202025.pdf (Last visited September 22, 2025).

| INTEREST ACCUMULATED BASED ON THE ACT OF AUGUST 2, 2002 | | |
|---|---|---|
| Year | Formula – Principal x Interest Rate x (number of days overdue/365) | Interest Accumulated |
| 2014 (Uniform Interest Rate in both Semesters) | €42,508.91 x 8.5% x (352/365) | €3,484.57 |
| 2015 (Uniform Interest Rate in Both Semesters) | €42,508.91 x 8.5% x (365/365) | €3,613.26 |
| 2016 (Prior to Interest Compounding on March 24, 2016) | First Semester: €42,508.91 x 8.5% x (84/365) | First Semester (1/1/2016 – 3/24/2016): €831.54 |
| 2016 (From March 24, 2016, through December 31, 2016) | First Semester: €50,438.28 x 8.5% x (98/365) Second Semester: €50,438.28 x 8.0 x (184/365) | First Semester (3/24/2016 – 6/30/2016): € 1,151.10 Second Semester: € 2,034.11 |
| 2017 (Uniform Interest Rate in Both Semesters) | €50,438.28 x 8.0% x (365/365) | €4,035.06 |
| 2018 (Prior to interest Compounding on October 15, 2018) | €50,438.28 x 8.0% x (288/365) | €3,183.83 |
| 2018 (From October 16, 2018, through December 31, 2018) | €60,842.38 x 8.0% x (77/365) | €1,026.82 |
| 2019 (Uniform Interest Rate in Both Semesters) | €60,842.38 x 8.0% x (365/365) | €4,867.39 |
| 2020 (Uniform Interest Rate in Both Semesters) | €60,842.38 x 8.0% x (365/365) | €4,867.39 |
| 2021 (Uniform Interest Rate in Both Semesters) | €60,842.38 x 8.0% x (365/365) | €4,867.39 |
| 2022 (Prior to Interest Compounding on August 19, 2022) | €60,842.38 x 8.0% x (231/365) | €3,080.46 |
| 2022 (From August 20, 2022, through December 31, 2022) | €79,551.83 x 8.0% x (134/365) | €2,336.43 |
| 2023 (Uniform Interest Rate in Both Semesters) | First Semester: €79,551.83 x 10.5% x (181/365) Second Semester: €79,551.83 x 12.0% x (184/365) | First Semester: €4,142.14 Second Semester: €4,812.34 |
| 2024 (Uniform Interest Rate in Both Semesters) | €79,551.83 x 12.5% x (365/365) | €9,943.98 |
| 2025 (Interest is continuing to accrue daily). | First Semester: €79,551.83 x 11.5% x (181/365) Second Semester: €79,551.83 x 10.5% x (100/365) | First Semester: €4,536.63 Second Semester: €2,288.48 |
| **TOTAL INTEREST ACCUMULATED AS OF 9/22/2025** | | €65,102.92 |

8

42. Second, the judgment requires Wetten to pay interest on €191,770.00 at the statutory interest rate from the date of the initiating summons on February 26, 2014, until the date of full payment. *See* **Exhibit A**, at p. 107, 110.

43. After the €39,679.00 deduction to Wetten which the Ghent Court of Appeals applied to judgment in favor of Plaintiff, the interest is capitalized on €152,092.00 at the statutory interest rate.[2] *See* **Exhibit A**, at p. 112.

44. Unlike the Act of August 2, 2002, the statutory interest rate does not change by semester. The statutory interest rate can change annually, but once changed the interest rate remains uniform throughout a given year.

45. The statutory interest rates from 2014 to the present are as follows[3]:

| BELGIUM STATUTORY INTEREST RATE BY YEAR ||
|---|---|
| Year | Interest Rate |
| 2014 | 2.75% |
| 2015 | 2.50% |
| 2016 | 2.25% |
| 2017 | 2.00% |
| 2018 | 2.00% |
| 2019 | 2.00% |
| 2020 | 1.75% |
| 2021 | 1.75% |
| 2022 | 1.50% |
| 2023 | 5.25% |
| 2024 | 5.75% |
| 2025 | 4.50% |

---

[2] The statutory interest rate differs from the interest rate from the Act of August 2, 2002, interest rate on combating late payments in commercial transactions. The statutory interest rate does not apply to the €42,508.91 judgment against Wetten for the late payment in a commercial transaction, and the Act of August 2, 2002, interest rate does not apply to the €152,092.00 judgment against Wetten for other breaches of the import agreement.

[3] The Interest Rates in the table are a summarization of the interest rates listed in the official publication from the Federale Overheidsdienst Financien (Federal Public Service – Finance Division) website. FICHE "WETTELIJKE RENTEVOETEN"., https://finances.belgium.be/sites/default/files/thesaurie/Int%C3%A9r%C3%AAts%20l%C3%A9gaux%202%C3%A8me%20sem%202025.pdf (Last visited September 22, 2025).

46. Once again, the pre-judgment interest rates listed above apply in the same way that interest rates are calculated under Virginia Law. *See* Va. Code Ann. § 6.2-302. For pre-judgment interest, the calculation is the principal amount, multiplied by the statutorily prescribed interest rate, multiplied by the number of days overdue divided by 365 days.

47. The Ghent Court of Appeals also held that the interest on this amount was to be capitalized since Plaintiff gave notice to Wetten. The Ghent Court of Appeals held that sufficient notice was given on March 24, 2016, October 15, 2018, and August 19, 2022, to allow capitalization.

48. The following table provides the current amount of accumulated statutory interest on the principal amount of €152,092.00, including the capitalization which occurred on March 24, 2016, October 15, 2018, and August 19, 2022:

| **INTEREST ACCUMULATED BASED ON STATUTORY INTEREST RATE** |
|---|---|---|
| Year | Formula – Principal x Interest Rate x (number of days overdue/365) | Interest Accumulated |
| 2014 | €152,092.00 x 2.75% x (309/365) | €3,540.83 |
| 2015 | €152,092.00 x 2.50% x (365/365) | €3,802.30 |
| January 1, 2016, through March 24, 2016 | €152,092.00 x 2.25% x (84/365) | €787.54 |
| March 25, 2016, through December 31, 2016 | €160,222.67 x 2.25% x (282/365) | €2,785.24 |
| 2017 | €160,222.67 x 2.00% x (365/365) | €3,204.45 |
| January 1, 2018, through October 15, 2018 | €160,222.67 x 2.00% x (288/365) | €2,528.45 |
| October 16, 2018, through December 31, 2018 | €168,740.81 x 2.00% x (77/365) | €711.95 |
| 2019 | €168,740.81 x 2.00% x (365/365) | €3,374.82 |
| 2020 | €168,740.81 x 1.75% x (365/365) | €2,952.96 |

| 2021 | €168,740.81 x 1.75% x (365/365) | €2,952.96 |
|---|---|---|
| January 1, 2022, through August 19, 2022 | €168,740.81 x 1.50% x (231/365) | €1,601.88 |
| August 20, 2022, through December 31, 2022 | €180,335.38 x 1.50% x (134/365) | €993.08 |
| 2023 | €180,335.38 x 5.25% x (365/365) | €9,467.61 |
| 2024 | €180,335.38 x 5.75% x (365/365) | €10,369.28 |
| January 1, 2025, through September 22, 2025 (Interest Continues to Accrue Daily) | €180,335.38 x 4.50% x (281/365) | €6,247.51 |
| **TOTAL INTEREST ACCUMULATED AS OF 9/22/2025** | | **€55,320.87** |

49. After the Ghent Court of Appeals issued the Belgian Judgment on March 4, 2024, Wetten has still not made any payment to Plaintiff.

50. Wetten is currently obligated to pay Plaintiff €315,024.70. This includes €207,412.87 for Wetten's breaches of the import agreement (Principal of €152,092.00 plus accumulated statutory interest of €55,320.87) and €107,611.83 for the unpaid invoices (Principal of €42,508.91 plus accumulated interest pursuant to the Act of August 2, 2002, of €65,102.92).

51. As of the date of filing this Complaint, Wetten must pay a total of €315,024.70 which includes prejudgment interest.

52. Interest will continue to accumulate at the interest rates prescribed in the Act of August 2, 2002, and the statutory interest rate, until full payment is made by Wetten to Plaintiff.

53. Plaintiff served Wetten with a copy of the judgment, with a certified translation, on July 16, 2024. *See* **Exhibit A,** p. 12.

54. All conditions precedent to bringing this action have been met or waived.

## COUNT I: DOMESTICATION OF THE FOREIGN JUDGMENT PURSUANT TO THE UNIFORM FOREIGN-COUNTRY MONEY JUDGMENTS RECOGNITION ACT

55. All preceding paragraphs are hereby incorporated by reference as if they were fully restated herein.

56. In order to collect on the judgment, Plaintiff now seeks to domesticate its judgment in the Commonwealth of Virginia pursuant to Va. Code Ann. §8.01-465.13:1 *et seq.*, also known as the Uniform Foreign-Country Money Judgments Recognition Act (the "Recognition Act").

57. The Recognition Act "applies to a foreign-country judgment to the extent that the judgment: (1) grants or denies recovery of a sum of money; and (2) under the law of the foreign country where rendered, is final, conclusive, and enforceable." Va. Code Ann. §8.01-465.13:2 (A).

58. The Court of Appeals of Ghent's Judgment granted Plaintiff a total sum of €194,599.91, plus prejudgment interest at the interest rates prescribed in the Act of August 2, 2002, and the statutory interest rate, including capitalization on the €194,599.91.

59. The Judgment from the Court of Appeals of Ghent is a final, conclusive, and enforceable.

60. The Judgment of the Court of Appeals of Ghent was rendered in favor of Plaintiff on March 4, 2024. The parties were notified of the decision the same day.

61. The time to file an appeal to the Court of Cassation, the highest court in Beljium, is three months from the date on which the decision is served or the date of its notification. *See* Belgium Judicial Code, Art. 1073.

62. As such, the time for Wetten to file an appeal to the Court of Cassation has expired, and the decision from the Ghent Court of Appeals is final and binding.

63. Under the Recognition Act, "a court of the Commonwealth shall recognize a foreign-country judgment" unless the party resisting recognition shows that an exception applies. *See* Va. Code Ann. §8.01-465.13:3 (A)-(D).

64. None of the exceptions listed in Va. Code Ann. §8.01-465.13:3 (B)-(C) apply to this action.

65. The Ghent Court of Appeals had personal jurisdiction over Wetten at all times during the proceedings.

66. Wetten voluntarily appeared to contest the action in the court, through counsel, on matters other than personal jurisdiction and cannot now claim that the Belgian Court did not have personal jurisdiction. *See* Va. Code Ann. §8.01-465.13:4 (A)(2).

67. Additionally, the circumstances of the litigation in the Ghent Court of Appeals, described at length in the Ghent Court of Appeals Judgment (*see generally* **Exhibit A)**, demonstrates that the judgment was rendered by a court of competent jurisdiction which conducted its proceedings in a manner that allowed Wetten to fairly defend itself on the merits.

68. The Belgian Court had subject matter jurisdiction over the dispute as well.

69. This recognition is sought as an original matter, and as such falls under Va. Code Ann. §8.01-465.13:5 (A).

70. The underlying judgment is not a judgment for taxes, a fine or other penalty, a judgment for divorce, support, or maintenance or other judgment rendered in connection with domestic relations. *See* Va. Code Ann. §8.01-465.13:2.

71. Since the judgment from the Court of Appeals of Ghent has granted a sum of money, is final, conclusive, and enforceable, and since none of the exceptions to the Recognition Act are applicable to this case, Plaintiffs are entitled to have the Belgian Judgment recognized,

registered, and enforced in accordance with the Virginia Foreign Country Money Judgments Recognition Act (Va. Code Ann. §§8.01-465.13:1 – 11).

WHEREFORE, Plaintiffs pray to this Honorable Court for relief as follows:

1. For entry of an Order recognizing the Belgian Judgment;

2. For entry of an Order against Wetten and awarding Plaintiff the sum of €194,599.91;

3. For prejudgment interest on €42,508.91 from January 14, 2014, at the rate prescribed in the Act of August 2, 2002, on combating late payment in commercial transactions, including capitalization of amounts owed on March 24, 2016, October 15, 2018, and August 19, 2022 and as updated to the date of entry of final judgment;

4. For prejudgment interest on €152,092.00 from February 26, 2014, at the Belgian statutory interest rate, including capitalization of amounts owed on March 24, 2016, October 15, 2018, and August 19, 2022;

5. For post-judgment interest;

6. For such other relief as this Court deems just and proper.

Date: October 8, 2025                                Respectfully submitted,

/s/ *David Hilton Wise*
David Hilton Wise, VSB # 30828
Dylan Scout Graham, VSB # 100051
Robert Witte, VSB #97294
WISE LAW FIRM, PLC
10640 Page Avenue, Ste 320
Fairfax, Virginia 22030
Tel:   (703) 934-6377
Fax:   (703) 934-6379
dwise@wiselaw.pro
dgraham@wiselaw.pro
rwitte@wiselaw.pro
*Counsel for Plaintiff Brouwerij Van Honsebrouck, B.V.B.A.*